IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

DASHAWNA TINDALL, ON BEHALF OF )
HERSELF AND HER INFANT )
DAUGHTER, AND; JIMMAYA )          2:18-CV-00160-CRE
PRITCHARD, AND; RASHAD COLE, ON )
BEHALF OF THEMSELVES AND THEIR )
INFANT SON, AND THE; AND FAIR )
HOUSING PARTNERSHIP OF GREATER )
PITTSBURGH, )
)
              Plaintiffs, )
)
      vs. )
)
ALLEGHENY COUNTY HOUSING )
AUTHORITY, )
)
              Defendant, )

## MEMORANDUM ORDER

CYNTHIA REED EDDY, United States Magistrate Judge.

AND NOW, this 12th day of September, 2018,

On May 4, 2018 Defendant Allegheny County Housing Authority ("Defendant ACHA")

filed a motion to dismiss Plaintiffs' amended complaint. *See* Mot. to Dismiss (ECF No. 17). In

Defendant ACHA's reply to Plaintiffs' response to the motion to dismiss filed on June 15, 2018,

it indicated that a settlement was reached between Plaintiff Dashawna Tindall and Defendant

ACHA. *See* Def. ACHA Reply (ECF No. 24). Plaintiffs filed a surreply on June 29, 2018 and

did not dispute that a settlement had been reached between Plaintiff Tindall and Defendant

ACHA. Pls.' Surreply (ECF No. 27).

Accordingly, because the amended complaint conflates the claims of Plaintiff Tindall and

the purportedly remaining claims of Plaintiffs Pritchard, Cole and Fair Housing Partnership of

Greater Pittsburgh,

IT IS HEREBY ORDERED that Plaintiffs shall file a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41 to dismiss the claims asserted by Plaintiff Tindall;

IT IS FURTHER ORDERED that Plaintiffs shall file a second amended complaint containing only those parties, facts and claims that remain at issue in this case by **September 26, 2018**;

IT IS FURTHER ORDERED that Defendant ACHA shall file a responsive pleading by **October 10, 2018**.  To the extent that Defendant ACHA seeks to move to dismiss any of Plaintiffs' reasserted claims pursuant to Federal Rule of Civil Procedure 12(b), Defendant ACHA may do so by filing a motion and brief which, <u>as standalone documents</u>, contain all of the legal arguments that Defendant ACHA seeks to assert.  Defendant ACHA may not refer back to any motion or brief previously filed in this case to support any argument asserted.  The brief must contain proper citation to legal authority and allegations of the second amended complaint to be properly raised before this court.  Failure to submit a motion to dismiss and brief in accordance with this Order will result in the motion being denied for failure to comply with a court order.[1]

---

[1]     Defendant ACHA is cautioned not to raise affirmative defenses which cannot be determined from the face of the complaint in any resubmitted motion to dismiss nor is it proper for it to argue issues of fact in such a motion.  It is generally inappropriate for a court to consider affirmative defenses on a motion to dismiss if it forces the court to look at matters outside of the complaint, *see e.g., Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (stating "a complaint need not anticipate or overcome affirmative defenses[,]" and that affirmative defenses should be filed in an answer and not in a motion to dismiss), and it is never within the court's purview to pass judgment on issues of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  Additionally, Defendant ACHA is cautioned not to submit any affidavit as an exhibit in support of any resubmitted motion to dismiss, as it is axiomatic that a court cannot consider affidavits attached to a motion to dismiss without converting it to one for summary judgment. *Schmidt*, 770 F.3d at 250 ("an affidavit from a defendant may not be considered in deciding a motion to dismiss.").  The Court reminds counsel that the appropriate standard of review on a motion to

IT IS FURTHER ORDERED that Defendant's motion to dismiss (ECF No. 17) is denied without prejudice to refile as to the second amended complaint consistent with this Order.

BY THE COURT:

s/Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF

---

dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is determining whether the facts of the complaint and all reasonable inferences made therefrom, taken as true, state a claim upon which relief can be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A motion to dismiss is not the appropriate procedural instrument for a defendant to argue it's side of the story. Failure to heed the court's proscription against raising affirmative defenses and issues of fact in the motion to dismiss or attaching affidavits to the motion to dismiss will result in the motion being denied as meritless.